ANTHONY PASQUALE, JR., BY HIS NEXT FRIEND, ANTHONY PASQUALE, AND ANTHONY PASQUALE, INDIVIDUALLY, RESPONDENTS, v. JOSEPH ARONSON, APPELLANT.

Submitted May 31, 1929—Decided February 3, 1930.

250

For the appellant, *Harley, Cox & Walburg*.

For the respondent, *Thomas F. Meany*.

PER CURIAM.

This was an action at law in the Supreme Court to recover damages for an accident caused by an automobile of the defendant. The jury rendered a verdict for both plaintiffs and judgment thereupon was duly entered. The defendant now appeals from that judgment to this court.

At the conclusion of the trial this occurred:

"Mr. Cox—I move for a direction of a verdict on the ground that the plaintiff has not shown any negligence on the part of the defendant which was the proximate cause of this accident.

"The court—The motion will be denied."

It will be observed that no exception was taken or objection made to the ruling of the court. And in this situation there is nothing for an appellate tribunal to decide. The plaintiffs-respondents object *in limine* that counsel for defendant failed to take an exception to the ruling and that the record is barren of any exception; that the law applicable has been definitely stated in a number of decisions in our state to the effect that the court will not consider alleged judicial errors occurring during a trial or in the charge to the jury to which no exception was taken. And this is true. An objection is now as valid as an exception, but there was none:

This court, at the February term, 1929, had before it a case in which the trial court denied defendant's motion for a nonsuit or for direction of a verdict in its favor, to the denial of which motions there were no exceptions or objections in the record. And this court held than an objection must be made to the denial of any motion in the trial court to make such denial a ground of appeal, citing cases. See *Punk* v. *Botany Worsted Mills,* 105 *N. J. L.* 647.

For the reasons stated in the Punk case, and the authorities therein cited, the judgment under review herein will be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, KALISCH, BLACK, CAMPBELL, LLOYD, CASE, BODINE, VAN BUSKIRK, MCGLENNON, KAYS, HETFIELD, DEAR, JJ. 15.

*For reversal*—None.